IN THE UNITED STATES DISTRICT COURT FOR
WESTERN DISTRICT OF PENNSYLVANIA

**STATE FARM FIRE & CASUALTY COMPANY**
a/s/o LINDA DAVIS
ONE STATE FARM PLAZA
BLOOMINGTON, IL  61710

      **Plaintiff(s),**

    v.

**D.S. GROFF ELECTRIC LLC**
1508 SOUTH AVENUE
LEWIS RUN, PA  16738

      **Defendant(s).**

Civil Action No.:

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Company a/s/o Linda Davis, by and through undersigned counsel, hereby avers by way of Complaint against Defendant:

1. State Farm Fire & Casualty Company (hereinafter the "Plaintiff") is an Illinois corporation engaged in the business of insurance.

2. At all times relevant hereto, Plaintiff was duly authorized to engage in the business of insurance in the Commonwealth of Pennsylvania.

3. At all times relevant hereto, Plaintiff provided, *inter alia*, property insurance to Linda Davis (hereinafter the "subrogor") in connection with her property located at 1155 Looker Mountain Trail in Rixford, Pennsylvania (hereinafter the "subject property").

4. As a result of claims made under the insurance policy involved, which were duly paid pursuant to the terms and conditions thereof, Plaintiff became subrogated to certain rights and interests of the subrogor, including the claims giving rise to this action.

5. Defendant, D.S. Groff Electric LLC (hereinafter the "Defendant") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1508 South Avenue in Lewis Run, Pennsylvania.

6. At all times material hereto, Defendant was in the residential and commercial electrical-contracting business, performing (*inter alia*) work relating to the installation, inspection, service, maintenance and/or replacement of domestic receptacles, including the replacement of certain receptacles at issue in this case (hereinafter the "work").

7. On or before July 6, 2016, Defendant improperly performed electrical work at the subject property.

8. On or about July 6, 2016, a fire erupted at the subject property; this caused subrogor to suffer significant damage to her real and personal property, as well as other harms and expenses besides.

9. In the wake of the fire, subrogor made claims under the aforementioned insurance policy; these were duly paid pursuant to the terms and conditions thereof, whereupon Plaintiff became subrogated to recovery rights on the claims asserted in this action.

**COUNT I – NEGLIGENCE**

10. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein at length.

11. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Defendant – by and through its employees, agents, technicians, vendors, subcontractors and/or servants – more specifically described as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to use a proper receptacle per the National Electrical Code, including but not limited to Section 406.3(D)(3) thereof;

      ii.    failing to use the proper components, equipment and/or materials relating to the work;

      iii.    failing to properly and adequately supervise, monitor and/or manage the work;

      iv.    failing to properly inspect and/or test the work both before and after it was performed; and/or

      v.    failing to properly determine that the work and/or its components, equipment and/or materials were dangerous.

b. failing to adequately instruct, supervise and/or train its servants, employees and agents as to the proper ways to perform the tasks described in subparagraph (a);

c. failing to adequately warn subrogor and others of the dangers and hazardous conditions resulting from the conduct described in subparagraph (a) above;

d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks described in subparagraph (a) above;

e. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks described in subparagraph (a) above; and

f. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications, laws, and standards, including but not limited to the National Electrical Code.

12. As a direct and proximate result of the negligence and carelessness of Defendant, subrogor incurred significant damages to her real and personal property, as well as the imposition of additional expenses and hardships besides, in an amount in excess of $300,000.00.

13. By operation of the policy payment described herein, Plaintiff became subrogated to certain of subrogor's recovery rights against Defendant, and asserts them in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $300,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II – BREACH OF CONTRACT

14. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein at length.

15. In causing the damage as alleged herein, Defendant breached the terms of a legally binding agreement with subrogor, either as expressed or implied therein and/or existing according to law.

16. To the extent that said agreement was reduced to writing, Plaintiff is not in possession of a copy thereof; however, it believes and therefore avers that Defendant has ready access to any such agreement, and/or has superior ability to access it as compared to Plaintiff; thus, Defendant is not prejudiced by Plaintiff's inability to append a copy thereof to this pleading.

17. For her part, subrogor performed all obligations under the aforementioned agreement, as well as all conditions precedent to recovery on this count.

18. As a direct and proximate result of the contractual breaches of Defendant, subrogor incurred a significant amount of real and personal property damage, as well as the imposition of additional expenses and hardships besides, in an amount in excess of $300,000.00.

19. By operation of the policy payment described herein, Plaintiff became subrogated to certain of subrogor's recovery rights against Defendant, and asserts them in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $300,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – BREACH OF IMPLIED WARRANTIES

20. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein at length.

21. In furtherance of the aforementioned services performed, Defendant had impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

22. Based upon the herein-described improper conduct on the part of Defendant – personally and/or through servants, employees, and/or agents as set forth above – Defendant breached these warranties.

23. As a direct and proximate result of such breached warranties by Defendant, subrogor suffered damage to her real and personal property, as well as the imposition of additional expenses and hardships besides, in an amount in excess of $300,000.00.

24. Subrogor has and had performed all conditions precedent to recover based upon such breaches.

23. By operation of the policy payment described herein, Plaintiff became subrogated to certain of subrogor's recovery rights against Defendant, and asserts them in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $300,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

                                                               de LUCA LEVINE LLC

BY: _____
                                              DANIEL J. de LUCA
                                              Attorney ID #74727
                                              Attorneys for Plaintiff,
                                              State Farm Fire & Casualty Co a/s/o Linda Davis

Dated: November 27, 2017                    E-Mail: ddeluca@delucalevine.com